IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of JOHN A. WEBER COMPANY, a Hawaii limited liability company,<br><br>                    Plaintiff,<br><br>        vs.<br><br>MILCON CONSTRUCTION, a Texas limited liability company; HANOVER INSURANCE GROUP, a Virginia corporation; and DOES 1 – 10,<br><br>                    Defendants. | CIVIL NO. 19-00637 JAO-WRP<br><br>**ORDER GRANTING IN PART AND DENYING IN PLAINTIFF'S MOTION TO CONFIRM ARBITRATION CONSENT AWARD AND RELIEVE JOHN A. WEBER COMPANY FROM ANY FURTHER OBLIGATIONS TO DEFENDANTS MILCON CONSTRUCTION, LLC AND HANOVER INSURANCE GROUP** |

**ORDER GRANTING IN PART AND DENYING IN PLAINTIFF'S MOTION TO CONFIRM ARBITRATION CONSENT AWARD AND RELIEVE JOHN A. WEBER COMPANY FROM ANY FURTHER OBLIGATIONS TO DEFENDANTS MILCON CONSTRUCTION, LLC AND HANOVER INSURANCE GROUP**

Plaintiff United States of America for the use and benefit of John A. Weber Company ("Plaintiff"), a subcontractor on a federal construction project, brought this action to collect amounts due under its subcontract with the prime contractor, Defendant Milcon Construction, LLC ("Milcon"), and Milcon's surety, Defendant Hanover Insurance Group ("Hanover") (collectively, "Defendants"). Plaintiff moves to confirm a consent award reached in arbitration between Plaintiff and Milcon against both Defendants. *See* ECF No. 18 ("Motion"). Plaintiff further

seeks a ruling that it has no further obligations to Defendants under the settlement agreement that precipitated the arbitration consent award. *See id.* Plaintiff's Motion is GRANTED IN PART AND DENIED IN PART for the following reasons.

## I.      BACKGROUND

**A.      Facts**[1]

In September 2015, Milcon entered into a contract with the United States of America through the Expeditionary Contracting Command of the Department of the Army (the "Army") in connection with a construction project at the Pohakuloa Training Area located in Hilo, Hawai'i (the "Project"). ECF No. 1 ¶ 6. Pursuant to 40 U.S.C. §§ 3131, *et seq.* (the "Miller Act"), Milcon obtained a payment bond from Hanover in order to assure the Army of payment of all persons supplying labor, equipment, materials, and services to the Project. *Id.* ¶ 7.

In March 2016, Milcon contracted with Plaintiff to complete the "folding doors complete" scope of work on the Project. *Id.* ¶ 10. Milcon completed its scope of work aside from certain punch list items. *Id.* ¶ 11. Milcon refused to tender payment to Plaintiff, resulting in a principal balance due of $200,000.00,

---

[1]  These facts are based on the allegations in the Complaint, ECF No. 1. The purpose of this summary is simply to provide background context for the Court's rulings. The Court need not — and does not — take the allegations in the Complaint as true for purposes of this Order.

despite receiving payment from the Army of 95% of the labor, materials, equipment, and services that Plaintiff furnished for the Project.  *Id.* ¶¶ 14, 16.

**B.    Procedural History**

Plaintiff commenced this action on November 26, 2019 by filing its Complaint, ECF No. 1, asserting the following claims:  First Claim for Relief — Miller Act Payment Bond (against all defendants); Second Claim for Relief — Breach of Contract (against Milcon); and Third Claim for Relief — Unjust Enrichment (against Milcon).  Plaintiff prays for monetary damages, attorneys' fees and costs of suit, and pre-judgment and post-judgment interest.  *Id.* at 7–8.

On January 8, 2020, Milcon filed an unopposed Motion to Compel Arbitration and to Stay Litigation Pending Arbitration.  ECF No. 11.  On January 10, 2020, the Court issued an Order compelling arbitration between Plaintiff and Milcon and staying this action pending the completion of arbitration proceedings. ECF No. 12.

On September 28, 2020, Plaintiff, Milcon, and Hanover executed a Settlement Agreement regarding the claims Plaintiff asserted in this action and in arbitration.  ECF No. 18-3.  Defendants agreed to the entry of a Consent Award in the arbitration in the amount of $282,500.00 in favor of Plaintiff, with $100,000.00 due on September 29, 2020 and the balance due on November 24, 2020.  *Id.* at 2. The Settlement Agreement provided that interest shall accrue at the rate of ten

percent on the settlement sum, accruing from September 30, 2020, in the event that Defendants failed to pay the settlement sum by November 24, 2020. *Id.* at 3. The parties further agreed that Plaintiff would order replacement parts for the Project upon receipt of the first settlement payment and return to the Project by October 9, 2020 to perform additional tasks. *Id.* Finally, the parties executed a Rule 11 Forbearance Agreement, which was attached as an exhibit to the Settlement Agreement and incorporated by reference. *Id.* at 2, 8–13. The Rule 11 Forbearance Agreement provided that Defendants, jointly and severally, would pay Plaintiff the settlement sum set forth in the Settlement Agreement by the deadlines established therein. *Id.* at 9–10.

Upon finalization of the Settlement Agreement, the Arbitrator entered a Consent Award, which stated: "Having reviewed the Settlement Agreement executed by the Parties on the 30th day of September 2020, Milcon is ordered to pay to [Plaintiff] a total sum of **$282,500.00** in accordance with the terms and conditions of the Settlement Agreement." ECF No. 18-1 at 2. Plaintiff and Milcon, along with their respective counsel, signed the Consent Award. *Id.* at 3–5.

On November 25, 2020, Plaintiff's counsel sent Defendants' counsel a Notice of Default of Milcon Construction, LLC and 7-Day Notice to Cure to Hanover Insurance Group demanding payment of the second installment of $182,500.00 under the Settlement Agreement along with $6,107.05 to compensate

4

Plaintiff for the costs it incurred in completing the additional work under the Settlement Agreement.  ECF No. 18-4 at 1–2.

Plaintiff maintains that it performed its obligations under the Settlement Agreement.  ECF No. 18 at 8.  Defendants, however, argue that Plaintiff failed to perform its obligations under the Settlement Agreement in accordance with the deadlines stated therein.  ECF No. 21 at 17–24; ECF No. 25 at 11–20.

On December 17, 2020, Plaintiff filed the Motion, seeking confirmation of the Consent Award against both Defendants and an order stating that Plaintiff "is excused from all further performance of work and obligations to Milcon and Hanover."  ECF No. 18 at 11–12.  Notably, Plaintiff has not yet sought to reduce the Consent Award to a judgment.

On January 8, 2021, Hanover filed its Opposition to the Motion.  ECF No. 21.  Milcon filed its Opposition on January 15, 2021.  ECF No. 25.

Plaintiff filed its Replies to Hanover and Milcon's Oppositions on January 15, 2021 and January 21, 2021, respectively.  ECF Nos. 24, 28.

The Court held a hearing on February 5, 2021.  ECF No. 32.

## II.   LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides for confirmation of an arbitration award as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the

5

arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.  Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding.  If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court.  If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

9 U.S.C. § 9.  "[T]he scope of a confirmation proceeding is extremely limited.  Section 9 states that a district court '*must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11.'" *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1105 (9th Cir. 2003) (quoting 9 U.S.C. § 9).  "[A] federal court may vacate or modify an arbitration award only if that award is 'completely irrational,' exhibits a 'manifest disregard of law,' or otherwise falls within one of the grounds set forth in 9 U.S.C. §§ 10 or 11." *LaPine Tech. Corp. v. Kyocera Corp.*, 130 F.3d 884, 888 (9th Cir. 1997) (citation omitted).  "The confirmation of an arbitration award is meant to be a summary proceeding."  *Int'l Petroleum Prods. & Additives Co. v. Black Gold,*

*S.A.R.L.*, 418 F. Supp. 3d 481, 487 (N.D. Cal. 2019) (citing *G.C. & K.B. Invs., Inc.*, 326 F.3d at 1105).

## III.   DISCUSSION

### A.   Confirmation of the Consent Award

#### 1.   Federal Arbitration Act — 9 U.S.C. § 9

As explained above, courts typically have a very limited role when a party seeks confirmation of an arbitration award:  if confirmation of the award satisfies the requirements in 9 U.S.C. § 9, the court must confirm the order.  *See G.C. & K.B. Invs., Inc.*, 326 F.3d at 1105.  The requirements are met here.

First, Section 9 requires that the parties to an arbitration agree that judgment shall be entered by a court following the issuance of an arbitration award.  *See* 9 U.S.C. § 9.  Here, the parties agreed that the arbitration award be reduced to judgment, so this requirement is met.  *See* ECF No. 21-2 at 6–7.

Second, Section 9 provides that "the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11." 9 U.S.C. § 9 (emphasis added).  Under Section 10, there are four grounds for vacatur of an arbitration award:

> **(1)** where the award was procured by corruption, fraud, or undue means;
> **(2)** where there was evident partiality or corruption in the arbitrators, or either of them;
> **(3)** where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing

> to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> **(4)** where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

Under Section 11, the court may issue an order modifying or correcting an award in three scenarios:

> **(a)** Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
> **(b)** Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted.
> **(c)** Where the award is imperfect in matter of form not affecting the merits of the controversy.

9 U.S.C. § 11.

Milcon does not raise any of the grounds for vacatur listed in Section 10 or for modification or correction listed in Section 11 in its Opposition. *See generally* ECF No. 25.

Hanover argues that if the Court finds that the Consent Award applies to Hanover, the Court should vacate the Consent Award under Section 10(a)(4) because the arbitrator did not have authority to enter an award against Hanover, a non-party to the arbitration. But the arbitrator did not enter the Consent Award against Hanover. The Consent Award — which Milcon and its counsel signed —

is against Milcon only, and Milcon was a party to the arbitration, so the arbitrator did not exceed his authority.  ECF No. 18-1 at 2.  Whether the Court should confirm the Consent Award against Hanover is a separate question (which the Court addresses below).  The Court therefore rejects Hanover's argument that the Consent Award should be vacated under Section 10(a)(4).

There are no grounds to vacate the Consent Award under Section 10 or modify or correct the Consent Award under Section 11.  As such, the Court must confirm the Consent Award.

### 2.     Plaintiff's Alleged Breach of the Settlement Agreement

Instead of arguing that the Consent Award should be vacated under Section 10 or corrected or modified under Section 11, Defendants argue that the Court should not confirm the Consent Award because Plaintiff breached its obligations under the Settlement Agreement.  ECF No. 21 at 17–24; ECF No. 25 at 11–20. The Consent Award states, "Milcon is ordered to pay to Weber a total sum of $282,500.00 in accordance with the terms and conditions of the Settlement Agreement."  ECF No. 18-1 at 2 (emphasis omitted).  Thus, the Court must examine the Settlement Agreement in order to determine whether it may confirm the Consent Award.

At the hearing, Defendants argued that Plaintiff's performance of its additional work is a condition precedent to Defendants' payment of the second and

final payment of the settlement sum, noting that the second payment should only issue following Plaintiff's completion of its work.  Under the Settlement Agreement, the parties agreed to the entry of the Consent Award and further provided that if the amount of the Consent Award was not paid on or before November 24, 2020, Plaintiff would be entitled to seek confirmation of the Consent Award.  ECF No. 18-3 at 2–3.  While the Settlement Agreement does indeed require Plaintiff to perform additional work on the Project, *id.* at 3, nothing in the Settlement Agreement conditions Defendants' payment of the settlement sum on Plaintiff's completion of the additional work.  *See generally id.*  In the Rule 11 Forbearance Agreement, the parties further agreed that Defendants, jointly and severally, would pay Plaintiff the settlement sum in accordance with the deadlines in the Settlement Agreement, and that Plaintiff would refrain from seeking confirmation of the Consent Award if Defendants honored their payment obligations under the Settlement Agreement.  *See* ECF No. 18-3 at 8–11.  Thus, nothing in the Settlement Agreement indicates that Plaintiff's performance of its work is a condition precedent to Defendants' payment of the full settlement sum.

The Court is further unpersuaded by Hanover's argument that the Consent Award provided that Milcon "is ordered to pay [the settlement sum] *if* the Settlement Agreement conditions are met" because the Consent Award states that Milcon is ordered to pay the settlement sum "*in accordance with the terms and*

*conditions* of the Settlement Agreement." ECF No. 21 at 12 (some emphasis added) (quoting the Consent Award). This does not create a conditional requirement on Plaintiff in order for Plaintiff to receive the settlement sum.

Defendants argued at the hearing that even if Plaintiff's additional work is not a condition precedent, Plaintiff's breach still excuses Defendants from making the second settlement payment, relying on *Furuya v. Ass'n of Apartment Owners of Pacific Monarch, Inc.*, 137 Hawai'i 371, 375 P.3d 150 (2016), for the proposition that "[t]he initial breaching party to a contract may not enforce the terms of the same contract to their benefit." ECF No. 25 at 18 (citing *Furuya*, 137 Hawai'i at 385, 375 P.3d at 164). Indeed, *Furuya* stated that "'a party who breaches or causes the other party to breach an agreement cannot enforce the agreement to his or her benefit.'" *Furuya*, 137 Hawai'i at 385, 375 P.3d at 164 (quoting *Stanford Carr Dev. Corp. v. Unity House, Inc.*, 111 Hawai'i 286, 300, 141 P.3d 459, 473 (2006)) (other citations omitted).

But *Furuya* is inapposite—it reaffirmed the principle that plaintiffs seeking specific performance of *land purchase contracts* "'must show that they were ready, willing, and able to perform their obligations.'" *Id.* at 384, 375 P.3d at 163 (citations omitted). Here, however, there is no land contract at issue, and the parties expressly agreed (1) to the entry of the Consent Award, and (2) that Plaintiff could seek confirmation of and enforce the Consent Award if Defendants

11

did not pay the settlement sum by a specified date (upon following the notice-and-cure procedures set forth in the Rule 11 Forbearance Agreement). *See* ECF No. 18-3 at 8–11. Defendants fail to explain why the Court must follow *Furuya* and deviate from the express terms of the Settlement Agreement and the Rule 11 Forbearance Agreement to hold that *any* breach by Plaintiff bars it from seeking confirmation of the Consent Award.

The Court instead proceeds in accordance with the parties' express agreement. Hawai'i law requires no less. *See Stanford Carr Dev. Corp*, 111 Hawai'i at 297, 141 P.3d at 470 ("We have long expressed our disapproval of interpreting a contract such that any provision be rendered meaningless. . . . '[A]n interpretation which gives a reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect[.]'" (some alterations in original) (quoting Restatement (Second) of Contracts § 203(a) (1981)) (other citations omitted)). Applying the general principle set forth in *Furuya* would require undoing the agreement the parties previously reached and rendering meaningless the very clear language that allows Plaintiff to seek confirmation of the Consent Award if Defendants failed to pay the settlement sum by the specified date. Therefore, the Court need not decide whether Plaintiff completed its performance under the Settlement Agreement (or

12

who is at fault if Plaintiff did not) in order to evaluate whether it should confirm the Consent Award.

The Court therefore concludes that confirming the Consent Award is consistent with the Settlement Agreement.

## B.     Hanover's Liability under the Confirmed Consent Award

The Court must now decide whether to confirm the Consent Award against Milcon only or against both Defendants.  Plaintiff argues that the Court should also confirm the Consent Award against Hanover because (1) the Settlement Agreement provided for the entry of the Consent Award; (2) the Rule 11 Forbearance Agreement provided that Defendants were jointly and severally liable for the settlement sum; and (3) a surety is liable for an arbitration award against its principal so long as the surety had notice of the proceedings against the principal.  ECF No. 24 at 9, 13–14.  Hanover argues that the Consent Award cannot be confirmed against it because Hanover was not a party to the arbitration and therefore not within the jurisdiction of the arbitration.  ECF No. 21 at 12–13.

The leading case in the Ninth Circuit regarding a Miller Act surety's liability for an arbitration award against the principal is *United States ex rel. Aurora Painting, Inc. v. Fireman's Fund Insurance Co.*, 832 F.2d 1150 (9th Cir. 1987). There, the Ninth Circuit held that the trial court was obligated to give preclusive effect to a state court judgment confirming the plaintiff's arbitration award against

the principal as to the surety because (1) Alaska (the forum state) followed the general rule that a "judgment against a principal conclusively establishes against a surety the fact of and the amount of the principal's liability as long as the surety had notice of the proceeding against the principal," and (2) the trial court was obligated to honor the judgment issued by the Alaska court under the full faith and credit statute. *Aurora Painting, Inc.*, 832 F.2d at 1153 (citation omitted).

Under Hawaiʻi law, "a judgment obtained against a surety's principal is prima facie evidence of the surety's liability." *Ameron Inc. v. Fireman's Fund Ins. Co.*, Civil No. 94-00487-HG, 1995 WL 904999, at *6 (D. Haw. Jan. 25, 1995) (citations and footnote omitted), *aff'd*, 103 F.3d 137 (9th Cir. 1996). The surety's "only avenue of attack on the judgment [confirming the arbitration award] is fraud or collusion." *Id.* Thus, had Plaintiff obtained a judgment against Milcon, Hanover would be liable unless it could establish that the judgment was procured through fraud or collusion. *See id.* Defendants conceded at the hearing that if the Court confirms the Consent Award against Milcon, Plaintiff may be able to move for summary judgment against Hanover, which is precisely what the plaintiffs in *Ameron Inc.* and *Aurora Painting, Inc.* did. *See id.* at *1; *Aurora Painting, Inc.*, 832 F.2d at 1151.

While *Aurora Painting* and *Ameron Inc.* each involved Miller Act plaintiffs' efforts to enforce a *judgment* confirming an arbitration award against the sureties,

14

Plaintiff instead seeks to confirm the Consent Award directly against the surety, and has yet to seek to reduce the Consent Award to a judgment. The Court's authority to reduce an arbitration award to final judgment arises out of Congress' grant of such power to federal courts under the FAA. And neither the Supreme Court nor the Ninth Circuit has authorized district courts to confirm an arbitration award against a surety that was not a party to the arbitration.

The Court acknowledges that there is some legal authority supporting Plaintiff's position. *See, e.g.*, *United States ex rel. Skip Kirchdorfer, Inc. v. M.J. Kelley Corp.*, 995 F.2d 656, 661 (6th Cir. 1993) (concluding that the surety was bound by an arbitration award against the principal because the surety had notice of the arbitration proceedings). But, when asked to exercise a power — here, to assume the authority to confirm a consent award against a party which was neither named in the Consent Award nor a party to the arbitration — the Court will decline to do so without binding precedent saying it has such power. The Court is cognizant that its powers are closely circumscribed by the Constitution and by Congress and is reluctant to assume powers it may not have — particularly where Plaintiff has a clear remedy it may pursue in the alternative.

## C.   **Plaintiff's Obligations under the Settlement Agreement**

In addition to confirmation of the Consent Award as to both Defendants, Plaintiff also requests that the Court "order that [Plaintiff] is excused from all

15

further performance of work and obligations to Milcon and Hanover."  ECF No. 18

at 11–12.  Plaintiff did not cite any legal authority under which the Court can

abrogate its obligations under the Settlement Agreement.  It is further unclear

whether Plaintiff believes the Court should excuse it from further performance

under the Settlement Agreement because of Plaintiff's conclusory statement that it

"performed its requirements under the covenants of the Settlement Agreement," *id.*

at 8, or because of Plaintiff's argument that any delay in Plaintiff's performance of

the work was Milcon's fault, thereby preventing Milcon from enforcing the

Settlement Agreement to its benefit, ECF No. 28 at 12 (citing *Stanford Carr Dev.*

*Corp.*, 111 Hawai'i at 300, 141 P.3d at 473).  Defendants' failure to respond to this

particular portion of the Motion does not aid the Court's analysis of this issue.  *See*

*generally* ECF Nos. 21, 25.

At the hearing and in its Reply to Milcon's Opposition, Plaintiff argued that

the Settlement Agreement gives the Court jurisdiction over the dispute arising

under the Settlement Agreement because of the Settlement Agreement's language

that "[a]ny obligation created herein or arising under this Settlement Agreement

shall be performable in the Federal District Court of Hawai'i."  ECF No. 18-3 at 4;

*see* ECF No. 28 at 11.  It is unclear what "performable" means in this phrase; read

plainly, the phrase means that performance of any obligations can occur in this

District Court, but that does not make sense.  In any event, the Court does not read

this phrase to mean that it has the authority to decide any dispute regarding the Settlement Agreement.  This term instead appears to be a clause regarding venue, particularly as it is attached to the choice-of-law provision in a Settlement Agreement resolving an arbitration that took place in Texas.  *See Bill Darrah Builders, Inc. v. Hall at Makena Place, LLC*, Civil No. 15-00518 KSC, 2016 WL 11528971, at *3 (D. Haw. Apr. 27, 2016) (examining where a contract would be performed to determine whether venue was appropriate in this District).

Plaintiff also compared its request to a motion to enforce a settlement.  The Court is not persuaded by this argument because Plaintiff does not ask the Court to *enforce* the Settlement Agreement but asks the Court to interpret, and even, arguably, to abrogate the Settlement Agreement by excusing Plaintiff from its obligations thereunder.

By asking the Court to excuse it from further performance under the Settlement Agreement, Plaintiff effectively asks the Court to decide an issue that has never come before the Court in any pleading.  The Complaint does not contain any claim in any way related to Plaintiff's obligations under the Settlement Agreement.  Indeed, the Complaint was filed many months before the Settlement Agreement was executed.  And Defendants have not sought any relief in this action relating to Plaintiff's obligations under the Settlement Agreement in the form of a

17

counterclaim or any other kind of pleading.  Plaintiff tacitly concedes this point in

its Reply to Milcon's Opposition:

> If Milcon believes itself entitled to any relief as a result of claimed incomplete performance on the part of Weber, it is incumbent upon Milcon to seek relief under the provisions of the Settlement Agreement providing for such relief — something it has not done *and something that is not before this Court*.

ECF No. 28 at 11 (emphasis added) (footnote omitted).

Plaintiff's request for an order releasing it from any further obligations

under the Settlement Agreement despite seeking any such relief in its Complaint is

analogous to moving for a preliminary injunction without first filing a complaint

with a claim related to the relief sought.  Courts deny motions for preliminary

injunctions where there is no nexus between the relief sought and the claims

advanced in the complaint.  *See, e.g.*, *Pac. Radiation Oncology, LLC v. Queen's

Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("A court's equitable power lies only

over the merits of the case or controversy before it.  When a plaintiff seeks

injunctive relief based on claims not pled in the complaint, the court does not have

the authority to issue an injunction."); *Cascade Yarns, Inc. v. Knitting Fever, Inc.*,

No. C10-861RSM, 2011 WL 13100745, at *1 (W.D. Wash. Mar. 28, 2011)

("[P]laintiff must seek injunctive relief related to the merits of his

underlying claim.  A court need not consider claims that were not raised in

the complaint." (citing *McMichael v. County of Napa*, 709 F.2d 1268, 1273 n.4 (9th Cir. 1983))).

The Court therefore denies Plaintiff's request for an order excusing it from any further obligations to Defendants.

## IV.   CONCLUSION

For the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion to Confirm Arbitration Consent Award and Relieve John A. Weber Company from Any Further Obligations to Defendants Milcon Construction, LLC and Hanover Insurance Group, ECF No. 18, as follows:

- That certain Consent Award dated September 30, 2020, executed by Arbitrator Gary W. Javore in Arbitration Case No. 01-19-0001-2232 is CONFIRMED as to Defendant Milcon Construction, LLC only.[2]

---

[2]  Often, parties seek entry of judgment when an arbitration award is confirmed pursuant to the FAA, and courts routinely grant such requests. *See, e.g.*, *YF Franchise LLC v. Jun Kil An*, Civ. No. 14-00496 HG-KSC, 2015 WL 877723, at *5 (D. Haw. Feb. 27, 2015) (confirming arbitration award and directing entry of final judgment); *Am. Contractors Indem. Co. v. Fernandez*, No. 17-cv-00086-DKW-WRP, 2019 WL 2291450, at *4 (D. Haw. May 29, 2019) (same).  Plaintiff, however, did not request that the Court direct entry of final judgment. *See generally* ECF No. 18.  And at the hearing, Plaintiff stated that if the Consent Award is confirmed, Plaintiff would then file a request for entry of judgment. Although immediate entry of judgment would have been appropriate, the Court will not provide Plaintiff with relief it did not request.

- Plaintiff's request for an order relieving it of any further obligations to Defendants Milcon Construction, LLC and Hanover Insurance Group is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, February 25, 2021.



Jill A. Otake
United States District Judge

Civil No. 19-00637-JAO-WRP, *United States of America for the use and benefit of John A. Weber Company v. Milcon Construction, LLC, et al.*; ORDER GRANTING IN PART AND DENYING IN PLAINTIFF'S MOTION TO CONFIRM ARBITRATION CONSENT AWARD AND RELIEVE JOHN A. WEBER COMPANY FROM ANY FURTHER OBLIGATIONS TO DEFENDANTS MILCON CONSTRUCTION, LLC AND HANOVER INSURANCE GROUP