IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of JOHN A. WEBER COMPANY, a Hawaii limited liability company,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MILCON CONSTRUCTION, a Texas limited liability company; HANOVER INSURANCE GROUP, a Virginia corporation, and DOES 1 – 10,<br><br>　　　　　　Defendants. | CIVIL NO. 19-00637 JAO-WRP<br><br>**ORDER GRANTING PLAINTIFF JOHN A. WEBER COMPANY'S MOTION FOR ENTRY OF JUDGMENT AGAINST DEFENDANT MILCON CONSTRUCTION** |

**ORDER GRANTING PLAINTIFF JOHN A. WEBER COMPANY'S MOTION FOR ENTRY OF JUDGMENT AGAINST DEFENDANT MILCON CONSTRUCTION**

## I.　INTRODUCTION

Before the Court is Plaintiff John A. Weber Company's Motion for Entry of Judgment against Defendant Milcon Construction. ECF No. 34.

On February 25, 2021, the Court issued its Order Granting in Part and Denying in Part Plaintiff's Motion to Confirm Arbitration Consent Award and Relieve John A. Weber Company from Any Further Obligations to Defendants Milcon Construction, LLC and Hanover Insurance Group ("February 25 Order"). ECF No. 33. In the February 25 Order, the Court confirmed the Consent Award that Plaintiff John A. Weber Company ("Plaintiff") and Defendant Milcon

Construction, LLC ("Milcon") reached in arbitration, but declined to confirm the Consent Award as to Milcon's surety, Defendant Hanover Insurance Group ("Hanover") *Id.* at 12–15, 19.

In the Motion, Plaintiff requests that the Court enter final judgment against Milcon pursuant to Federal Rule of Civil Procedure ("FRCP") 54(b) in the amount of $190,250.00.[1]  ECF No. 34-1 at 3.  Plaintiff has represented to the Court that counsel for Milcon and Hanover gave Plaintiff permission to notify the Court that the Motion is unopposed.  ECF No. 34-5 at 2.

The Court GRANTS the Motion for the reasons stated below.

## II.     DISCUSSION

### A.     Judgment on the Confirmed Arbitration Award

In order for Plaintiff to obtain a final judgment against Milcon, Plaintiff must first have a judgment.  In the February 25 Order, the Court explained that when parties seek a confirmation of an arbitration award in accordance with the Federal Arbitration Act, they often seek entry of judgment and that courts routinely grant such requests.  ECF No. 33 at 19 n.2 (citing *YF Franchise LLC v. Jun Kil An*,

---

[1] The Consent Award ordered Milcon to pay Plaintiff $282,500.00 "in accordance with the Terms and Conditions of the Settlement Agreement." ECF No. 34-4 at 3. In the unopposed Motion, Plaintiff explained that the judgment should be in the amount of $190,250.00 based on an unpaid principal balance of $182,500 with interest accruing at $50.00 per day from November 25, 2020 through April 30, 2021, the date Plaintiff projected the Court would issue the instant Order. ECF No. 34-1 at 3.

Civ. No. 14-00496 HG-KSC, 2015 WL 877723, at *5 (D. Haw. Feb. 27, 2015); *Am. Contractors Indem. Co. v. Fernandez*, No. 17-cv-00086-DKW-WRP, 2019 WL 2291450, at *4 (D. Haw. May 29, 2019)). Insofar as the Court has confirmed the Consent Award as against Milcon, there is no reason why judgment should not issue thereon.

**B.    Entry of Final Judgment**

FRCP 54(b) provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. . . .

Fed. R. Civ. P. 54(b). The Court employs a two-part framework for FRCP 54(b) determinations. First, the Court must ascertain whether it is dealing with a final judgment. "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980) (citation omitted); *see Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). Next, the Court assesses "whether there is any just reason for delay." *Curtiss-Wright*, 446 U.S. at 8; *see Wood*, 422 F.3d at 878. It is within the Court's sound discretion "to determine the 'appropriate time' when each final decision in a multiple claims

3

action is ready for appeal." *Curtiss-Wright*, 446 U.S. at 8 (citation omitted); *see Wood*, 422 F.3d at 878.

### 1.     **The Judgment Is Final**

The subject judgment arises out of a confirmed Consent Award reached in arbitration between Plaintiff and Milcon.  And it is final in that it is an ultimate disposition of Plaintiff's claims against Milcon.  Having determined that it is dealing with a final judgment for the purposes of FRCP 54(b), the Court now considers whether there is any just reason for delay.

### 2.     **There Are No Just Reasons for Delay**

Based on the procedural posture and unique circumstances of this case, the Court finds that there are no just reasons for delay.  In making such a determination, the Court must factor judicial administrative interests and the equities involved.  *See Curtiss-Wright*, 446 U.S. at 8.  FRCP 54(b) judgments "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).  The trial court is required to make "specific findings setting forth the reasons for its order." *Id.*

District courts may "consider such factors as whether the adjudicated claims were separable from the others and whether the nature of the claim was such that no appellate court would have to decide the same issues more than once." *Wood*, 422 F.3d at 878 n.2.  In the absence of any of these factors, certification is not necessarily improper, but "would require the district court 'to find a sufficiently important reason for nonetheless granting certification.'"  *Id.* (quoting *Curtiss-Wright*, 446 U.S. at 8 & n.2).  "A similarity of legal or factual issues will weigh heavily against entry of judgment under the rule, and in such cases a Rule 54(b) order will be proper only where necessary to avoid a harsh and unjust result, documented by further and specific findings." *Morrison-Knudsen*, 655 F.2d at 965.

There are no just reasons for delay here because of the nature of Plaintiff's respective claims against Milcon and Hanover.  In the February 25 Order, the Court concluded that Milcon was bound by the Consent Award it entered into in the underlying arbitration regardless of its dispute with Plaintiff regarding the settlement agreement referenced in the Consent Award.  ECF No. 33 at 9–13.  The Court further declined to confirm the Consent Award as to Hanover, explaining that there is no authority permitting a court to confirm an arbitration award (as opposed to a judgment) against a party's surety.  *Id.* at 14–15.

The Court explained, however, that "'a judgment obtained against a surety's principal is prima facie evidence of the surety's liability'" and that "[t]he surety's 'only avenue of attack on the judgment [confirming the arbitration award] is fraud or collusion.'" *Id.* at 14 (second alteration in original) (quoting *Ameron Inc. v. Fireman's Fund Ins. Co.*, Civil No. 94-00487-HG, 1995 WL 904999, at *6 (D. Haw. Jan. 25, 1995) (citations and footnote omitted), *aff'd*, 103 F.3d 137 (9th Cir. 1996)). Accordingly, certification of Plaintiff's judgment against Milcon as a final judgment would be proper because if Milcon were to appeal the Court's confirmation of the Consent Award and entry of judgment, the issue on appeal would be separate and distinct from any issue Hanover could credibly raise on appeal. If Plaintiff were to obtain a judgment against Hanover based on its judgment against Milcon, Hanover would be limited to raising the defenses of fraud or collusion, rather than attacking the merits of the confirmed arbitration award. Thus, certification of Plaintiff's judgment against Milcon as a final judgment under FRCP 54(b) is proper because the adjudicated claim between Plaintiff and Milcon would present a separate and distinct issue on appeal, which would prevent an appellate court from deciding the same issue more than once. *See Wood*, 422 F.3d at 878 n.2 (quoting *Curtiss-Wright*, 446 U.S. at 8 & n.2). Further, certifying the judgment as a final judgment would be equitable insofar as Hanover's liability to Plaintiff likely depends on Milcon's liability to Plaintiff.

Thus, it would serve the interest of justice for any appeal relating to Milcon's liability to Plaintiff to be adjudicated expeditiously.

### III. CONCLUSION

For the reasons stated above, the Court directs the Clerk to enter judgment in Plaintiff's favor and against Milcon in the amount of One Hundred Ninety Thousand Two Hundred Fifty Dollars ($190,250.00) pursuant to FRCP 54(b).

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, April 30, 2021.

Jill A. Otake
United States District Judge

Civil No. 19-00637-JAO-WRP, *United States of America for the use and benefit of John A. Weber Company v. Milcon Construction, LLC, et al.*; ORDER GRANTING PLAINTIFF JOHN A. WEBER COMPANY'S MOTION FOR ENTRY OF JUDGMENT AGAINST DEFENDANT MILCON CONSTRUCTION